UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-CR-00633 MTS |
| FNU YASHPREET, | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the Defendant Yashpreet represented by defense counsel Jeff B. Becker, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to the single count of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the Defendant's offenses stemming from the facts that gave rise to the charging instruments, of which the Government is aware at this time.

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The Government agrees to make a request for a sentence of one hundred and eighty (180) months of imprisonment followed by a period of life on supervised release and all applicable restitution and assessments. The Government will recommend that any sentence in this case be ordered to run concurrent with any sentence imposed in the related state court case pending in St. Charles County Circuit Court. The Defendant may argue for any statutorily available sentence. The parties understand that the Court is neither a party to nor bound by the Guideline's recommendations agreed to in this document nor the sentencing recommendation of the parties.

The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigations, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Such items include but are not limited to a cellular telephone. The Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**3. ELEMENTS:**

As to Count I, the Defendant admits to knowingly violating Title 18, United States Code, Section 2422(b), coercion and enticement of a minor as to juvenile Victim 1 and admits there is a factual basis for the plea and further fully understands that the elements of the crime are (1) the defendant knowingly attempted to persuade, induce, entice or coerce an individual (2) who had not attained the age of eighteen years (3) to engage in sexual activity (4) for which any person can be charged with a criminal offense and (5) did so utilizing the internet, a means of interstate and foreign commerce.

**4. FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On August 17, 2025, the Defendant arranged via social media and internet-based communications with a 44-year-old man named Brent L. Stephens, charged in *USA v. Stephens* 4:25-CR-630-ZMB, to pick up and deliver to Stephens's business office a 13-year-old boy, a middle school student, for the purpose of sexually abusing the minor. The Defendant met this minor via social media and participated in a chat entitled "threesome" with the minor and Stephens. The juvenile victim told the Defendant he was 14 years of age, though he was 13 years of age. The victim, Stephens and the Defendant all exchanged pictures of themselves over social media, including nude images. The Defendant, who used the screen name "Jatt," arranged to transport the victim to the arranged meeting and picked up the juvenile victim in a residential area near the residence of the family of the victim in St. Charles County, Missouri. At the business office of Stephens, the Defendant removed his clothing and subjected the juvenile to sexual activity with both Stephens and the Defendant. The victim described that what happened was "traumatizing." Less than two weeks after being sexually abused by the Defendant and Stephens, the juvenile victim had to be admitted to the hospital due to a suicide attempt.

The Defendant was arrested on or about September 23, 2025. After being advised of his *Miranda* rights, the Defendant confirmed that he picked up the juvenile victim on August 17, 2025. The Defendant explained that he had never met the juvenile victim previously, but that he

agreed to pick the victim up and transport him to meet another acquaintance for sex. The Defendant falsely claimed that he believed the juvenile victim was "21 years old, or something." The Defendant also falsely claimed that he waited outside while the juvenile victim and Stephens had sex. While the Defendant initially denied any contact between himself and the juvenile victim, he later falsely said that they kissed. When confronted with the fact that the juvenile victim knew that the Defendant was uncircumcised, the Defendant then falsely said that he removed his pants to try to masturbate and that the juvenile victim must have seen his penis at that time. The Defendant did know that the victim was a juvenile and believed him to be no more than 14 years of age. While knowing that the victim was a juvenile the Defendant communicated with the victim via the internet over various social media applications and coerced and enticed the victim to engage in illegal sexual contact with the Defendant to include mouth to penis contact.

The Defendant communicated with Stephens and the juvenile victim via the internet in order to entice and coerce the juvenile victim into engaging in unlawful sexual activity. The internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce.

**5. <u>STATUTORY PENALTIES:</u>**

As to Count I, the Defendant fully understands that the maximum possible penalty provided by law for the crime of Coercion and Enticement of a Minor to which the Defendant is pleading guilty is imprisonment of not less than ten years and not more than life, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more

than life and not less than five years.

Additionally, per 18 U.S.C. §§ 3663, 3663A and 2429, the Defendant fully understands that the Court will impose restitution to the victims of the offenses charged in the Indictment if restitution if requested.

**6. U.S. SENTENCING GUIDELINES: 2025 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**A. Chapter 2 Offense Conduct:**

**1. Chapter 2 Offense Conduct, Count I, Coercion and Enticement of a Minor:**

**(a)** **Base Offense Level:** The parties agree that the base offense level is twenty-eight (28) as found in Section 2G1.3(a)(3).

**(b)** **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i) two (2) levels should be added pursuant to 2G1.3(b)(3) because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce and facilitate the travel of the minor to engage in prohibited sexual conduct; and

(ii) two (2) levels should be added pursuant to Section 2G1.3(b)(4)(A) because ethe offense involved the commission of a sex act or sexual contact.

**B. Chapter 3 Adjustments:** The parties recommend the following adjustments:

(1) Acceptance of Responsibility: The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a), because the Defendant has clearly demonstrated acceptance of responsibility for his offense. The parties agree that the Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the Defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the Defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**C. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is twenty-nine (29).

**E. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**F. Effect of Parties' U.S. Sentencing Guidelines Analysis:**

The parties agree that the Court is not bound by the Guidelines analysis set forth herein. The parties further agree that they may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the Guideline analysis set forth herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by any specific agreements made herein but reserves the right

to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. <u>WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:</u>**

**a.** **<u>Appeal:</u>** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)** **<u>Non-Sentencing Issues:</u>** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which Defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2)** **<u>Sentencing Issues</u>:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant to a term of imprisonment within or below the Sentencing Guidelines range as determined by the Court, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. In the event the Court accepts the plea and sentences the Defendant to a term of imprisonment of one hundred and eighty (180) months or more, then, as part of this agreement, the Government hereby waives all rights to appeal all sentencing issues.

**b.** **<u>Habeas Corpus:</u>** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title

28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

a. **Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime Defendant committed. Some of these special conditions may include that Defendant not possess a computer or internet access, that Defendant not have contact with minors, including his children, without the prior authorization of the Probation Officer, that Defendant participate in sexual offender counseling and that Defendant not maintain a post office box. In addition, as a condition of supervised release, Defendant

shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d.** **Special Assessments:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, the Court is required to impose an assessment of $5,000 per case on any non-indigent Defendant convicted of an offense under Chapter 110 (relating to sexual exploitation or other abuse of children, including, but not limited to, 18 U.S.C. §2252A), and chapter 117 (relating to transportation for illegal sexual activity and related crimes, including but not limited to, 18 U.S.C. § 2422, coercion and enticement of a minor).

Additionally, per 18 U.S.C. § 2259A, Defendant fully understands that for offenses committed on or after December 7, 2018, the Court shall impose an assessment of not more than thirty-five thousand dollars ($35,000) for a receipt of child pornography offense.

e. **Possibility of Detention:** The defendant shall be subject to immediate Detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to 18 U.S.C. §§ 3663, 3663A, 2429, 2259, 2259A and/or 1593, an order of restitution is mandatory. The amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b), 2429, 2259, 2259A and 1593, including all relevant conduct loss.

g. **Forfeiture:** The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the Government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The Defendant understands that Defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If Defendant resides in Missouri following release from prison, Defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from

confinement following conviction. Defense counsel has advised the Defendant of the possible sex offender registration consequences resulting from the plea.

If the Defendant is not a U.S. citizen, the guilty plea could impact Defendant's immigration status or result in deportation. In particular, if any crime to which Defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the Defendant of the possible immigration consequences, including deportation, resulting from the plea.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the Government's case and any defenses.

**10. <u>VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:</u>**

This document constitutes the entire agreement between the Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

7-21-26
Date

JILLIAN S. ANDERSON
Assistant United States Attorney

7/21/26
Date

Yashpreet
YASHPREET
Defendant

7/21/2026
Date

74560MO
JEFF B. BECKER
Attorney for Defendant